The document below is hereby signed.

Signed: March 03, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHERYL YVONNE JACKSON, | ) | Case No. 11-00007 |
| | ) | (Chapter 11) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION REGARDING DISMISSAL OF CASE,
DISGORGEMENT BY DEBTOR'S COUNSEL, WILLIAM C. JOHNSON, JR.,
OF FEES, AND IMPOSITION OF RULE 9011 SANCTION AGAINST JOHNSON

The court will grant the trustee's motion to dismiss this case with prejudice for 180 days.  Additionally, the court will also grant the trustee's motion for an order requiring the debtor's attorney, William C. Johnson, Jr., to disgorge fees, and will impose a $500 sanction (to be paid to the clerk of the court) against Johnson for violating Fed. R. Bankr. P. 9011.

I

This is a story of three bankruptcy cases filed by the debtor in this court within the same one-year period, with the

last one filed while the second one was still pending.  This presents an issue regarding circumvention of 11 U.S.C. § 362(c)(4) (which provides that no automatic stay arises upon the filing of a third petition after two prior cases have been dismissed within the last year).

Prior to April 2010, the debtor owned two real properties: her residence at 831 Decatur Street, NW, Washington, D.C., and a real property located at 1906 12th Street, NE, Washington, D.C. Both properties were subject to deeds of trust securing debts owed to Capital One, NA.  On April 1, 2010, the properties were sold at foreclosure sales to satisfy the debts owed Capital One, NA.

On April 2, 2010 (the day after the foreclosure sales were held), the debtor filed her first petition under chapter 13 of the Bankruptcy Code (Case No. 10-00328).[1]  That case was dismissed on April 20, 2010, for failure to pay the filing fee.

On May 25, 2010, ASA Holdings LLC recorded in the land

---

[1] Capital One filed motions in the case seeking relief from the automatic stay of 11 U.S.C. § 362(a) in order that the purchasers at the foreclosure sales could obtain deeds to the real properties.  The bankruptcy case may have stayed the issuance of such deeds. *See In re Flowers*, 94 B.R. 3 (Bankr. D.D.C. 1988).  But because the case was filed after the hammer had fallen at the foreclosure auction, the debtor was not entitled in that case to utilize 11 U.S.C. § 1322(b)(5) to cure the arrears in mortgage payments that had led to the foreclosure sales, and thereby to reinstate the mortgages. *See In re Bobo*, 246 B.R. 453 (Bankr. D.D.C. 2000).  Capital One's motions became moot when the court dismissed the case, thereby terminating the automatic stay.

records a deed conveying to it ownership of the debtor's residence.  Sometime prior to August 18, 2010, ASA Holdings LLC filed a complaint in the Superior Court of the District of Columbia seeking a writ of restitution to recover possession of the debtor's residence (which she still occupies).

On September 7, 2010, Jackson filed a complaint in the United States District Court for the District Of Columbia against ASA Holdings and Capital One.  The complaint attacked the validity of the foreclosure sales.  The defendants filed motions to dismiss the complaint.  Capital One sought to dismiss the complaint for failure to state a claim upon which relief could be granted.  ASA Holdings sought to dismiss the complaint on the same ground and also for lack of subject matter jurisdiction.  The District Court declined to dismiss the complaint for lack of subject matter jurisdiction, but it dismissed the complaint on the basis that the motions to dismiss were conceded and, alternatively, dismissed the complaint on the merits of the defendants' contentions that the complaint failed to state a claim upon which relief could be granted.  The District Court's order of dismissal was entered on November 8, 2010.  No appeal was pursued.

Also on September 7, 2010, Rainbow Properties LLC filed in the land records a deed conveying to it the ownership of the 12th Street property.  Accordingly, as of September 7, 2010, deeds had

3

been recorded reflecting that the debtor had been divested of title to both real properties.

While the District Court litigation had been ongoing, matters were proceeding in ASA Holdings' Superior Court action to evict the debtor from her Decatur Street residence.  The parties had consented on October 22, 2010, that the trial of that action would be held on December 14, 2010, and on November 8, 2010, the Superior Court set the trial for that December 14 date.

But on December 13, 2010, the day before the scheduled trial in the Superior Court, the debtor filed in this Bankruptcy Court her second petition under chapter 13 of the Bankruptcy Code (Case No. 10-01221).  On December 14, 2010, the parties in the eviction action appeared in the Superior Court, and the Superior Court canceled the trial because of the automatic stay that had arisen under 11 U.S.C. § 362(a) upon the filing of the debtor's petition in the Bankruptcy Court on December 13, 2010.

On December 28, 2010, the Bankruptcy Court issued an order directing the debtor to show cause by January 4, 2011, why the debtor's second bankruptcy case (Case No. 10-01221) ought not be dismissed for failure to obtain prepetition credit counseling as required by 11 U.S.C. § 109(h) (with exceptions that the debtor was unable to show were applicable).  The consequence was that if the debtor did not timely respond to the order show cause by January 4, 2011, the court might dismiss the case the next day,

January 5, 2011.

After conferring with counsel, William C. Johnson, Jr., the debtor recognized that the second case would be dismissed on § 109(h) grounds, and, on advice of Johnson, she intended to file a new case only after the second case was dismissed.  To secure a prompt dismissal, the debtor could have responded to the order to show cause by stating that she agreed that § 109(h) required dismissal of the case.  Alternatively, she had the right to invoke 11 U.S.C. § 1307(b) which, with exceptions that were inapplicable to the second case, provides that "[u]pon request of the debtor at any time, . . . the court shall dismiss a case under this chapter."  When a debtor files a motion seeking a dismissal to which she is entitled under § 1307(b), this court promptly grants the motion.

No response to the order to show cause was filed by January 4, 2011.  Instead, on January 4, 2011, without first obtaining a dismissal of the pending case, the debtor, through Johnson, filed in this court a petition under chapter 13 of the Bankruptcy Code commencing her third bankruptcy case (Case No. 11-00007).  That new case gave rise to an automatic stay of at least 30 days duration under 11 U.S.C. § 362(c)(3).

Accordingly, the notice of the commencement of the case mailed by the clerk's agent on January 7, 2011, was not mailed to ASA Holdings.  The debtor listed only Capital One on her mailing

matrix, and scheduled that entity as holding a secured claim against her residence on Decatur Street and her other property on 12th Street.  This was improper.  She no longer owned those properties, and the dismissal of her civil action against Capital One and ASA Holdings in the United States District Court barred her as a matter of claim preclusion (also known as *res judicata*) from contesting the validity of the foreclosure sales.  She scheduled no other debts.  She did not schedule Capital One as holding an unsecured deficiency claim (and does not now contend that Capital One had not been satisfied in full by way of the foreclosure sales such that it had an unsecured claim).

    The debtor did not list ASA Holdings on her mailing matrix in the new case in order that it would receive notice of the bankruptcy case.  In ASA Holdings' action against her in the Superior Court regarding the filing of her third bankruptcy case, the debtor did not file a suggestion of bankruptcy until February 14, 2011.  Meanwhile, on January 6, 2011, the dismissal of Case No. 10-01221 had terminated the automatic stay in that Case No. 10-01221; on January 14, 2011, the Superior Court issued a judgment for possession; on January 26, 2011, the Superior Court entered a further order specifying that the judgment for possession entered on January 14, 2011 was to be deemed non-redeemable; and on February 4, 2011, the Superior Court approved a writ of restitution (the writ that is issued to the marshal to

evict an occupant of real property).

II

Had the debtor waited to file this, her third case, until her second case had been dismissed, no automatic stay would have arisen in her third case by reason of 11 U.S.C. § 362(c)(4) (which provides that no automatic stay arises upon the filing of a third petition after two prior cases have been dismissed within the last year).  Accordingly, her filing of this third case (Case No. 11-00007) during the pendency of her second case circumvented § 362(c)(4).  Whether the debtor intended it or not, this circumvention of § 362(c)(4) constitutes an abuse of the bankruptcy system.  *See In re Clark*, 2010 WL 774141 at *1 (Bankr. N.D. Ala. Mar. 5, 2010) (characterizing similar circumvention of 11 U.S.C. § 362(c)(3) as per se bad faith even if the circumvention was not intended).[2]  As a prophylactic matter, to protect the statutory scheme Congress intended in enacting § 362(c)(4) by discouraging any future filings that circumvent § 362(c)(4), this case ought to be dismissed.

Moreover, another ground warrants dismissing this case.  The debtor scheduled no debts other than scheduling on Schedule D

---

[2] The debtor's arguments advanced to attempt to distinguish *In re Clark* are unpersuasive.  The decision did not turn on the debtors being in default under the terms of an order conditionally denying a motion for relief from the automatic stay, a fact relegated to mention in a footnote.  *In re Clark*, 2010 WL 774141 at *1 n.3.  Instead, the decision rested on the circumvention of § 362(c)(3).

(Creditors Holding Secured Claims) the no-longer-existent claims of Capital One.  The debtor and her counsel were unaware of any deficiency claim that Capital One might hold (and the motions for relief from the automatic stay in Case No. 10-00328 included as exhibits notices of foreclosure sales and reports of sale that show that the properties were sold for amounts exceeding the amounts set forth in the notices of foreclosure sales as being owed to Capital One).  The purpose of a chapter 13 case is to deal with debts.  Utilization of a chapter 13 case to address no existing debts is an abuse of the bankruptcy system. *See In re Waldron*, 785 F.2d 936, 940-41 (11th Cir.) (per curiam), *cert. dismissed*, 478 U.S. 1028 (1986) ("The Waldrons have no debts; they are financially secure . . . .  The Waldrons' plan was thus proposed in a bad faith attempt to use and abuse Chapter 13 for a greedy and unworthy purpose.  Congress could not have intended such a result in enacting Chapter 13."); *In re Hilton*, 122 B.R. 138, 139 (Bankr. M.D. Fla. 1990) ("The filing has no legitimate purpose at all inasmuch as there are no debts which these particular Debtors seek to adjust out of future earnings in the context of a Chapter 13 plan."); *In re Hundley*, 99 B.R. 306, 308 (Bankr. E.D. Va. 1989) (dismissal was required when the debtors had no debts to address in chapter 13).

    The purpose of the filing was to obtain the benefit of the automatic stay against an eviction proceeding, not to deal with

debts, contrary to the whole purpose of a chapter 13 case.  Added to that, the debtor's failure for over a month to file in the Superior Court a suggestion of bankruptcy regarding this case, and her act of filing a suggestion of bankruptcy only after a writ of restitution had issued, suggests that the debtor was utilizing the case's automatic stay to delay an eviction as long as possible.

### III

The trustee requests that the dismissal be made with prejudice.  The filing of the debtor's petition circumvented the protections of § 362(c)(4) to which ASA Holdings was entitled, and the utilization of chapter 13 of the Bankruptcy Code to deal with no existing debts (and only to obtain the benefit of the automatic stay against eviction) similarly subjected ASA Holdings to an automatic stay when such a case ought not have been filed.  The automatic stay that arose could spawn difficulties for ASA Holdings with respect to the effectiveness of the orders and writ of restitution issued in the Superior Court while this case was still pending, and to the extent that the automatic stay was still in place:[3] the automatic stay that arose in this case could

---

[3] An act in violation of the automatic stay is void, but the stay can be annulled in appropriate circumstances to make the act no longer void.  The automatic stay expired pursuant to 11 U.S.C. § 362(c)(3) as of the 30th day of the case with respect to certain acts, and it was only after the 30th day of the case that the Superior Court issued the writ of restitution.  Whether the stay expired with respect to ASA Holdings' obtaining a writ of

9

lead ASA Holdings to incur the expense of taking the precaution (lest there be any question regarding the effectiveness of its writ of restitution) of either filing a motion to annul the automatic stay or seeking a writ of restitution anew in the Superior Court.  If this case were dismissed without prejudice, and the debtor filed a new case and filed in that new case a motion to have the automatic stay go into effect under § 362(c)(4), ASA Holdings would be put to the burden of dealing once again with issues regarding the automatic stay when this third case, subjecting ASA Holdings to an automatic stay, ought not have been filed during the pendency of the debtor's second case and ought not have been filed to address no existing debts.  Accordingly, this case ought to be dismissed with prejudice to the filing of a new case within 180 days.

    Moreover, the debtor filed inaccurate Schedules and an inaccurate Statement of Financial Affairs.  The debtor's Statement of Financial Affairs listed neither the pending Superior Court action nor the District Court civil action in response to items 4a and 5 of the Statement of Financial Affairs which, respectively, directed the debtor to:

>     List all suits and administrative proceedings to which
>     the debtor is or was a party within one year immediately

---

restitution depends on whether the issuance of that writ can be viewed as "an action taken with respect to a debt or property securing such debt or with respect to any lease" within the meaning of § 326(c)(3)(B).

>     preceding the filing of this bankruptcy case.

and

>     List all property that has been . . . sold at a
>     foreclosure sale, transferred through a deed in lieu of
>     foreclosure or returned to the seller, within one year
>     immediately preceding the commencement of this case[.]

Her Schedule A showed her still owning the two real properties for which title had been transferred to other parties.  Her Schedule D, as noted already, improperly treated Capital One as still holding secured claims against the real properties.

Even worse, she failed to schedule an automobile on Schedule B and failed to schedule two credit card debts on Schedule F.  This was not inadvertence but a deliberate decision on her part not to schedule these items.  She viewed the automobile as not worth scheduling because it was 13 years old.  She viewed the credit card debts as manageable without the necessity of dealing with them under a chapter 13 plan.

The debtor's misconduct in filing her chapter 13 case for an improper purpose, in failing to disclose foreclosures and litigation, in inaccurately scheduling properties she no longer owned and claims of Capital One she no longer owed, and in knowingly failing to schedule an asset and credit card debts warrants making the dismissal with prejudice for 180 days.

IV

The trustee contends that this case must be dismissed on the additional ground that the filing of this case was improper

11

because "the law will not tolerate two suits at the same time for the same cause." *Freshman v. Atkins*, 269 U.S. 121, 122 (1925). The issue of the proper interpretation of *Atkins* has led to varying views. *See, e.g., In re Brown*, 399 B.R. 162, 167 (Bankr. W.D. Va. 2009) (discussing the various interpretations of *Atkins*, and concluding that at a minimum the courts appear to agree that two cases which seek to discharge the same debt cannot be pending simultaneously.[4]); *In re Parson*, 2007 WL 3306678 at *11 (Bankr. E.D. Va. Nov. 6, 2007) (same).

The debtor's response to the trustee's argument is that the debtor intended to dismiss the pending case, and thus was not attempting to have two cases pending at the same time seeking to discharge the same debts.  On January 5, 2011, the chapter 13 trustee filed a motion to dismiss the debtor's second case (Case No. 10-01221) with prejudice (with a response deadline of January 26, 2011).  Later on the same date, the debtor, through Johnson, filed a motion to dismiss Case No. 10-01221 without prejudice. On January 6, 2011, the court entered an order dismissing Case No. 10-01221 based upon the debtor's ineligibility for bankruptcy relief under 11 U.S.C. § 109(h) and reserving for determination at a hearing of February 25, 2011, whether to grant the trustee's

---

[4] That makes sense in the case of two pending chapter 13 cases because, for example, it would be impossible for a debtor to devote her net disposable income twice to two different plans as required by 11 U.S.C. § 1325.

request to make the dismissal a dismissal with prejudice.[5]

Although the debtor sought a dismissal of her second case on the day after filing her first case, the debtor's conduct nevertheless resulted in two cases being pending at the same time regarding the same debts, and subjecting creditors twice to the imposition of the automatic stay of 11 U.S.C. § 362(a). Moreover, as already noted, the new case circumvented § 362(c)(4) by permitting a new automatic stay to arise that would not have arisen had the pending case finished its inevitable course of being dismissed before this new case was filed. The rationale of *Atkins* arguably logically extends to bar filing a new case when a pending case is on the brink of being dismissed with § 362(c)(4) consequences as to any case filed shortly after dismissal of the pending case and necessarily addressing the same debts.

Ultimately, however, it is unnecessary to decide whether *Atkins* barred the filing of this case in light of my conclusion that, even if *Atkins* were not on the books, other grounds require dismissal of the case. Nevertheless, the *Atkins* issue is germane to the chapter 13 trustee's request that the court order the debtor's attorney to disgorge the fees he has been paid in this case.

---

[5] At the hearing of February 25, 2011, the court decided that the dismissal of Case No. 10-01221 should be made a dismissal with prejudice.

V

The trustee requests a disgorgement of fees under 11 U.S.C. § 329.  Because of § 362(c)(4) and *Atkins*, competent counsel would have recognized that filing this third case when the second case was pending would present an issue as to the propriety of the filing of this third case, and would have not filed this case while the second case was still pending.  Indeed, Johnson recognized that filing the third case when the second case was still pending would be problematic because he had advised the debtor that she should obtain a dismissal of the second case before filing the third case.  Johnson ought to have taken steps to assure that the issue never arose by waiting until the second case was dismissed, either by the debtor's filing a motion for voluntary dismissal and the court's granting that motion, or by awaiting the entry of a dismissal order pursuant to the court's order to show cause why the case ought not be dismissed based on § 109(h) grounds.  Instead, Johnson incompetently failed to ascertain whether the second case had been dismissed before he filed this third case.

Moreover, an alternative ground merits ordering a disgorgement of fees.  The debtor did not need to file a bankruptcy case in January 2011 in order to deal with debts.  She was able to deal with her credit card bills without the necessity of a bankruptcy case (and, indeed, had not disclosed them to

14

Johnson).  She had no other unpaid debts that she currently needed to address through a bankruptcy case.  Although the debtor scheduled Capital One, NA as holding secured claims against real properties, Capital One had foreclosed upon those properties in 2010, and title to those properties had been transferred to third-party purchasers in 2010.  Accordingly, there were no unpaid debts the debtor needed to pay pursuant to a plan under chapter 13 of the Bankruptcy Code.  Filing a chapter 13 case when there are no debts to pay is an abuse of the bankruptcy system. Johnson thus subjected his client to the risk that the case would be dismissed on that basis.  The only possible reason to file the chapter 13 case was to obtain the benefit of the automatic stay of 11 U.S.C. § 362(a), but counsel ought not be compensated for filing a petition that, based on his knowing of no currently unpaid debts, would constitute an abuse of the bankruptcy system and lead to a dismissal.

   Finally, Johnson bears the primary blame for filing Schedules and a Statement of Financial Affairs that treated the debtor as still owning her real properties, that treated Capital One as still having secured claims, and that failed to list the Superior Court eviction proceeding, the District Court civil action, and the foreclosure sales.  Johnson ought to have taken care to assure that the papers were accurate.  Filing those papers only added to the likelihood that this case would be

15

dismissed with prejudice.  In addition to disgorgement being appropriate under 11 U.S.C. § 329, the provision invoked by the trustee, disgorgement would be appropriate alternatively pursuant to 11 U.S.C. § 526(c)(2)(A) for Johnson's intentionally or negligently failing to comply with 11 U.S.C. § 526(a)(2) (which required that Johnson, as a debt relief agency, not "advise an assisted person . . . to make a statement in a document filed in a case . . . under this title, that is untrue and misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading").

VI

The trustee also seeks Rule 9011 sanctions against Johnson for filing the petition.  A sanction of $500 payable to the clerk of the court is warranted in addition to the disgorgement of fees.  Johnson ought not have filed the petition.  The petition's "Estimated Liabilities" section showed liabilities of "$500,001 to $1 million" when Johnson knew that was not true, thus violating Fed. R. Bankr. P. 9011(b)(3) (requiring that a paper's "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery").

Moreover, filing the petition is sanctionable for two additional reasons.  First, being unaware of any unpaid debts

16

owed by the debtor (as Johnson did not know whether any deficiency claim was owed to Capital One), the filing of a petition under chapter 13 was not for a proper purpose. As previously stated herein:

> Utilization of a chapter 13 case to address no existing debts is an abuse of the bankruptcy system. [Citations omitted.] The purpose of the filing was to obtain the benefit of the automatic stay against an eviction proceeding, not to deal with debts, contrary to the whole purpose of a chapter 13 case.

Second, reasonable inquiry would have led Johnson to conclude that filing this case when the second case was pending would serve the improper purpose of circumventing 11 U.S.C. § 362(c)(4), thereby causing unnecessary delay and litigation expense for ASA Holdings (for reasons already examined in concluding that this case ought to be dismissed with prejudice). Johnson could not properly certify, as required by Fed. R. Bankr. P. 9011(b), that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the petition "(1) . . . is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"

17

VII

    Orders follow.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings; Debtor; Office of United States Trustee; and

Michael R. McCarthy, Esq.
2801 M Street, NW
Washington, DC 20007
[Counsel for ASA Holdings, LLC in Superior Court]

Clarence A. Connelly Jr., Esq.
616 Ingraham Street NW
Washington DC 20011
[Counsel for Debtor in Superior Court]