The document below is hereby signed.

Signed: March 25, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHERYL YVONNE JACKSON, | ) | Case No. 11-00007 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL

The debtor has filed a notice of appeal from the court's orders dismissing this case and imposing sanctions against her attorney. She has now moved for a stay pending appeal. There is no good reason to stay either the dismissal of the case or the imposition of sanctions against the debtor's attorney.

First, there is no likelihood of a successful appeal. For reasons explained at length in the court's Memorandum Decision of March 4, 2011, the debtor and her counsel engaged in an abuse of the bankruptcy system, and in a disregard of Rule 9011 obligations, that fully justified dismissing the case with

prejudice and imposing sanctions against the debtor's counsel.[1]

Second, the harm to the appellant is slim. The orders will not be rendered moot by reason of a stay not being granted. If the appeal of the dismissal of the case were successful, the case would be reinstated. If the appeal of the $500 sanction order is reversed on appeal, the $500 paid pursuant to that order would be refunded by the court, just as readily as would be the proposed cash deposit of the same amount as a supersedeas bond.

Third, the trustee and creditors would be harmed if this abusive case were treated as still pending.

Fourth, the public interest of protecting the bankruptcy system against abuse weighs in favor of not granting a stay.

It is thus

ORDERED that the motion for a stay pending appeal is DENIED.

[Signed and dated above.]

---

[1] The debtor points to Fed. R. Bankr. P. 1015 and argues that this recognizes that two bankruptcy cases may be pending at the same time. Rule 1015 does not address when it is improper to file a petition when another case regarding the same debtor is still pending. Sometimes it is not improper (as when the debtor files a voluntary petition after creditors filed an involuntary petition). Rule 1015 did not bless the filing of the petition in this case that for various reasons was improper as an abuse of the bankruptcy system and a violation of Rule 9011. Moreover, Rule 1015 did not immunize the debtor's attorney from being ordered to disgorge fees and to pay a Rule 9011 sanction when the filing of the petition worked to the debtor's detriment (by predictably prompting the trustee's motion to dismiss), violated Rule 9011, and caused an abuse of the bankruptcy system.

Copies to: Recipients of e-notification of filings; Debtor; and

| | |
|---|---|
| Michael R. McCarthy, Esq.<br>2801 M Street, NW<br>Washington, DC 20007<br>[Counsel for ASA Holdings,<br>LLC in Superior Court] | Clarence A. Connelly Jr., Esq.<br>616 Ingraham Street NW<br>Washington DC 20011<br>[Counsel for Debtor in<br>Superior Court] |